# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NERY WOTBELY PEREZ-COBON,** | : | **CIVIL NO. 1:17-CV-1550** |
| | : | |
| Petitioner | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **DENNIS BOWEN, INTERIM WARDEN, YORK COUNTY PRISON,** | : : : | |
| | : | |
| Respondent | : | |

## MEMORANDUM

Petitioner Nery Wotbely Perez-Cobon ("Perez-Cobon"), a detainee of the United States Immigration and Customs Enforcement ("ICE"), currently confined in the York County Prison, York, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Perez-Cobon challenges his continued detention by ICE pending removal. (Id.) He requests that the court "issue an order declaring that Petitioner['s] indefinite detention is not authorize[d] by the INA and/or violates the 5th Amendment, grant[] [a] preliminary injunction . . . and release [him from] indefinite detention [and] any . . . further relief this court may deem appropriate." (Id. at 8). For the reasons set forth below, the court will deny the petition.

I.      **Immigration Proceedings**

Perez-Cobon, a native and citizen of Guatemala, entered the United States at an unknown location on an unknown date. (Doc. 8-1, at 3, Notice to Appear). Perez-Cobon was not inspected, admitted, or paroled into the United States by an immigration officer. (Id.)

On April 3, 2013, ICE served a Notice to Appear on Perez-Cobon indicating that he was subject to removal from the United States pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") as an alien present in the United States without being admitted or paroled. (Doc. 8-1, at 3, Notice to Appear). He was taken into ICE custody on April 3, 2013. (Doc. 8-1, at 6, Warrant for Arrest of Alien; Doc. 8-1, at 8, Notice of Custody Determination). Perez-Cobon was subsequently released on bond in the amount of $12,000.00. (Doc. 8-1, at 8, Notice of Custody Determination).

On December 29, 2016, Perez-Cobon was arrested and charged with assault, offensive touching, and endangering the welfare of a child. (Doc. 8-1, at 11, Record of Deportable/Inadmissible Alien). This incident was the second occurrence of Domestic Violence and violation of a Protection from Abuse ("PFA") against his children and his former domestic partner. (Id.) On December 30, 2016, Perez-Cobon was encountered during routine ICE operations at the Sussex Correctional Institution in Georgetown, Delaware. (Doc. 8-1, at 9-12, Record of Deportable/Inadmissible Alien). On February 24, 2017, Perez-Cobon was convicted of offensive touching and received a fine. (Id.) On February 26, 2017, ICE informed Perez-Cobon that due to the severity of the offenses and violation of the PFA, that

2

upon his release from the Sussex Correctional Institution, he would be remanded into ICE custody. (Id.) He was taken into ICE custody on February 27, 2017. (Doc. 1, at 5).

On April 19, 2017, an immigration judge denied Perez-Cobon's request for a change in his custody status. (Doc. 8-1, at 13, Order of the Immigration Judge with Respect to Custody). On July 28, 2017, an immigration judge ordered Perez-Cobon removed from the United States to Guatemala and denied his application for cancellation under § 240A(b)(1) of the INA. (Doc. 8-1, at 14, Order of the Immigration Judge). On August 2, 2017, Perez-Cobon filed a Notice of Appeal with the Board of Immigration Appeals ("BIA"). (Doc. 8-1, at 17, Filing Receipt for Appeal; Doc. 8-1, at 15-16, Notice - Briefing Schedule). That appeal remains pending before the BIA.

The instant petition was filed on August 30, 2017. (Doc. 1).

## II. Discussion

Perez-Cobon's appeal of the immigration judge's order of removal remains pending. Hence, the order of removal has not become administratively final, and Perez-Cobon is still considered to be in pre-removal immigration detention. See 8 U.S.C. § 1231(a)(1)(B)(i) (providing removal period begins on the "date the order of removal becomes administratively final"); see also 8 C.F.R. § 1241.1(a) (stating that an order of removal from an Immigration Judge becomes final "[u]pon dismissal of an appeal by the Board of Immigration Appeals"). Thus, decisions concerning his ongoing detention are at the discretion of the immigration judge. See 8 U.S.C. § 1226(a).

3

The Attorney General, through the Department of Homeland Security ("DHS") district director, has the authority to detain aliens during the "pre-removal" period, that is, while removal proceedings are ongoing but before the issuance of a final order of removal. Pursuant to 8 U.S.C. § 1226(a), "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). The statute further authorizes the Attorney General to continue to detain the arrested alien, release the alien on bond, or release the alien on conditional parole. 8 U.S.C. § 1226(a)(1)-(2). The Attorney General's discretionary judgment regarding the application § 1226 is not subject to review and "[n]o court may set aside any action or decision by the Attorney General under [§ 1226] regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." 8 U.S.C. § 1226(e). Nonetheless, "Section 1226(e) contains no explicit provision barring habeas review." Demore v. Kim, 538 U.S. 510, 517 (2003).

If the district director denies bond and the alien is not subject to an administratively final order of removal, the alien may seek his release by requesting an initial bond redetermination hearing before an immigration judge. 8 C.F.R. §§ 236.1(d), 1003.19. As to criminal aliens eligible to be considered for release on bond or conditional parole, the alien must demonstrate by clear and convincing evidence that he does not pose a danger to persons or to property and that he is not a flight risk. 8 C.F.R. § 236.1(c)(3). An immigration judge's decision on a bond redetermination may be appealed to the BIA. 8 C.F.R. § 236.1(d)(3). The BIA's decision to detain or release an arrested alien on bond is discretionary and is not

subject to judicial review. 8 U.S.C. § 1226(e). If denied bond, an alien can subsequently request a bond redetermination hearing before an immigration judge, in writing. 8 C.F.R. § 1003.19(e). This request "shall be considered only upon a showing that the alien's circumstances have changed materially since the prior bond redetermination." Id.

Perez-Cobon was taken into ICE custody on February 27, 2017 and has been detained for nine (9) months. (Doc. 1, at 5). Perez-Cobon asserts that his detention has become overlong and requests that the court remedy his prolonged, mandatory detention pursuant to 8 U.S.C. § 1226(c). (Docs. 1, 9). However, Perez-Cobon is not an alien subject to mandatory detention under the provisions of § 1226(c). (Doc. 9). Rather, he is a discretionary detainee pursuant to 8 U.S.C. § 1226(a) who has received, by right, bond hearings.

In Contant v. Holder, 352 F. App'x 692 (3d Cir. 2009), the Third Circuit addressed a habeas petition filed by a pre-final order detainee in discretionary § 1226(a) detention. Contant was taken into custody by the DHS and ordered detained without bond. An immigration judge subsequently conducted a redetermination hearing and denied Contant release on bond. On appeal, the BIA affirmed the immigration judge's decision, finding that Contant failed to demonstrate that he was not a danger to the community. Contant then filed a habeas petition in the district court pursuant to 28 U.S.C. § 2241 claiming that his indefinite detention without review was unreasonable and violated his right to due process. While the habeas petition was pending, an immigration judge again found that Contant was a danger to the community, and that there was no changed

circumstance warranting redetermination of bond. The Contant court ultimately found that the alien petitioner's nineteen (19) month pre-removal immigration detention was not "indefinite" in violation of due process, because a decision on his removal appeared reasonably foreseeable and there was no indication that he could not be removed to his country of origin at the conclusion of his removal proceedings. Contant, 352 F. App'x at 695-96. The Third Circuit agreed with the district court in finding that the authority for Contant's detention was § 1226(a), and the cases of Zadvydas v. Davis, 533 U.S. 678 (2001) and Demore v. Kim, 538 U.S. 510 (2003) were not directly applicable.[1] The court of appeals explained:

> Unlike the mandatory detention statute at issue in Kim, § 1226(a) provides for individualized detention determinations. Aliens detained pursuant to § 1226(a) may be released if they demonstrate they would not pose a danger to property or persons and they are likely to appear for any future proceedings. 8 C.F.R. § 236.1(c)(8). The alien may request a bond redetermination hearing before an IJ. 8 C.F.R. § 236.1(d)(1). An IJ may grant an alien's request for bond redetermination where the alien has shown that his "circumstances have changed materially since the prior bond redetermination." 8 C.F.R. § 1003.19(e). The alien may appeal the IJ's bond decision to the BIA. 8 C.F.R. § 236.1(d)(3). Contant was afforded the review provided by these regulations. Moreover, like the petitioner in Kim, Contant's unusually lengthy period of detention pending a decision on his removability is attributable to his own request for a continuance. See Kim, 538 U.S. at 530, 123 S.Ct. 1708 (noting that petitioner's detention period of 6 months, which was longer than the average period of 47 days, was due to his own request for a continuance of his removal hearing).

---

[1] The district court noted that "unlike the aliens in Zadvydas, petitioner is not under a final order of removal [;h]e is currently being held pending his removal proceedings" and that "Petitioner is being held pursuant to a different statute than at issue in Zadvydas [and p]ursuant to 1226(a), he has had a determination by an independent decision maker that determined him to be a flight risk and a danger to society", a decision that was affirmed by the BIA. Contant v. Mukasey, 2009 WL 427244, *2 (M.D. Pa. 2009).

6

Contant, 352 F. App'x at 695-96. We recognize that Contant is a non-precedential opinion, but we find its *ratio decidendi* to be quite cogent.

Similarly, Perez-Cobon is a pre-final order detainee held pursuant to § 1226(a), he was afforded a bond hearing, and was able to appeal the immigration judge's determination to the BIA. Initially, Perez-Cobon was released on bond; however, that bond was subsequently revoked because he was arrested several times during his release. Since returning to ICE custody, Perez-Cobon was again considered for bond but denied due to his extensive criminal history and previous revocation. (Doc. 8-1, at 13, Order of the Immigration Judge with Respect to Custody). The immigration judge considered the relevant factors and found that Perez-Cobon failed to demonstrate any factors warranting a change in custody status. (Id.) The immigration judge then ordered him removed to Guatemala. Perez-Cobon appealed the immigration judge's decision to the BIA, which remains pending. It is clear that Perez-Cobon was afforded the review provided by the applicable regulations and his detention is not indefinite in violation of due process. Further, there is no indication that he cannot be removed to Guatemala should the BIA deny his appeal of the order of removal. Accordingly, the petition for writ of habeas corpus will be denied.

A separate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated: December 6, 2017